# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ARTHUR D. DAVIS
ADC#084388                                                                                                PETITIONER

VS.                              5:13CV00232  DPM/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Room A149
>   Little Rock, AR 72201

**I. Background**

Pending before the Court is Respondent's Motion to Dismiss (*doc. #9*) this § 2254 habeas action filed by Petitioner, Arthur D. Davis, Jr. Before addressing Respondent's Motion, the Court will review the procedural history of the case.

In 1994, a Grant County jury convicted Petitioner of aggravated robbery. *Doc. #1 at 4*. He received a life sentence as a habitual offender. Petitioner appealed his conviction to the Arkansas Supreme Court, which affirmed his conviction on January 17, 1995. *Goins v. State*, 318 Ark. 689, 890 S.W.2d 602 (1995).[1]

On February 9, 1995, Petitioner filed a *pro se* Rule 37 Petition in Grant County Circuit Court. Among other things, he argued that a juror in his trial was a first cousin of one of the state's witnesses. *See doc. #9-9 at 2*. The trial court denied Rule 37 relief. Petitioner filed a timely Notice of Appeal, but failed to timely lodge the record. On December 4, 1995, the Arkansas Supreme Court dismissed his Rule 37 appeal on procedural grounds. *Davis v. State*, 1995 WL 734082 (Ark. Dec. 4, 1995).

On May 17, 1996, Petitioner initiated a *pro se* § 2254 habeas action in the Eastern District of Arkansas. *Davis v. Norris*, E.D. Ark. No. 5:96-00396 GH. His sole habeas claim was that he was not provided adequate notice of the charges against him in state court. *See doc. #9-2 at 1*. On July 31, 1996, United States Magistrate Judge H. David Young entered a Recommended Disposition which suggested that the Petition be denied because Petitioner had procedurally defaulted his claim.[2] *Doc. #9-2*.

---

[1] Petitioner's appeal was consolidated with the appeal of his co-defendant, Goins.
[2] Judge Young was originally assigned to the present case, but recused on August 9, 2013. *Doc. #7*.

On September 27, 1996, United States District Judge George Howard, Jr. entered an Order and Judgment adopting Judge Young's Recommended Disposition. *Docs. #9-3 and 9-4.* On April 28, 1997, the Eighth Circuit Court of Appeals denied Petitioner's request for a Certificate of Appealability. *Doc. #9-5.* On December 8, 1997, the United States Supreme Court denied Petitioner's Petition for a Writ of Certiorari. *Doc. #9-7.*

On September 16, 1999, Petitioner filed a "Motion to Set Aside Order Dismissing Habeas Corpus" in the Eastern District of Arkansas. *Doc. #9-8.* He argued that he had "new evidence" in the form of affidavits that proved the claim he asserted in his Rule 37 Petition, *i.e.*, one of the jurors was related to one of the state's witnesses. *Id.* He requested that his § 2254 habeas action be revived so that he could pursue that claim.

On September 16, 1999, Judge Howard entered an Order denying Petitioner's Motion. *Doc. #9-9.* To the extent that Petitioner's Motion could be construed as requesting Rule 60(b) relief, Judge Howard ruled that the information in Petitioner's affidavits was not "new evidence" because "Petitioner admittedly raised the issue of the juror/witness relationship to the state court [in his Rule 37 action] and the affidavit by Melvin Colston reveals that he and petitioner discussed the cousin relationship in 1996." *Doc. #9-9 at 2*. To the extent that Petitioner's Motion was an attempt to pursue a second § 2254 habeas corpus action, Judge

4

Howard concluded that it was a successive petition and that Petitioner "must first file an appropriate motion in the Eighth Circuit for that body to authorize this Court to consider his petition." *Doc. #9-9 at 2*.

On November 1, 1999, Petitioner filed a Petition for a Writ of Mandamus against Judge Howard. On November 17, 1999, the Eighth Circuit denied the Petition. *Doc. #9-10*.

On August 18, 2006, Petitioner initiated a second *pro se* § 2254 habeas action in the Eastern District of Arkansas.[3] *Davis v. Norris,* E.D. Ark. No. 5:06CV00221 GH. On August 29, 2006, Judge Howard entered an Order dismissing the Petition as successive. *Doc. #9-12*. Petitioner then requested permission from the Eighth Circuit to file a successive petition, which was denied on February 26, 2007. *Doc. #9-13*.

Petitioner initiated this § 2254 habeas action on July 25, 2013. *Doc. #2*. He argues that: (1) his lawyer was constitutionally ineffective when he failed to strike a juror who was related to a state's witness; and (2) he did not receive a fair trial in violation of his due process and equal protection rights. Respondent has moved to dismiss the Petition as successive. *Doc. #9*.

---

[3] Petitioner argued that: (1) the State did not disclose exculpatory *Brady* material; (2) his lawyer was constitutionally ineffective for failing to present an alibi defense; and (3) he was deprived of DNA testing of evidence that would have established his actual innocence. *Doc. #9-11 at 4-5*.

For the reasons discussed below, Petitioner's habeas action is successive and has not been authorized by the Eighth Circuit. Thus, the Court recommends that Respondent's Motion to Dismiss be granted.

## II. Discussion

A claim presented in a second or successive § 2254 habeas petition must be dismissed unless the Petitioner can make a prima facie showing that he has satisfied the requirements of 28 U.S.C. § 2244(b)(2). However, that determination must be made by the Eighth Circuit Court of Appeals, not the United States District Court. *See* 28 U.S.C. § 2244(b)(3)(A)("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

Petitioner argues that he should be allowed to proceed, without authorization from the Eighth Circuit, based on the Court's holding in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In *Martinez*, the United States Supreme Court recognized a "limited" and "narrow" equitable exception to the procedural default doctrine in jurisdictions where an ineffective assistance of trial counsel claim must be raised for the first time in an "initial-review collateral proceeding." "[A] procedural default will not bar a federal habeas court from hearing a substantial claim of

ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."[4] *Id.* at 1320.

Petitioner's theory appears to be that *Martinez* now allows him to proceed with an otherwise procedurally-defaulted claim. While *Martinez* establishes an equitable exception to procedural default, it does not provide a basis for circumventing the gatekeeping requirement of 28 U.S.C. § 2244(b)(3)(A), which still governs successive habeas actions.

This case is Petitioner's third attempt in federal court to collaterally attack his underlying conviction.[5] Under well-established and controlling case law, he must first obtain authorization from the Eighth Circuit, pursuant to 28 U.S.C. § 2244(b)(3)(A), before he can proceed with this successive habeas Petition. *See e.g. Crawford v. Minnesota*, 698 F.3d 1086, 1088-89 (8th Cir. 2012); *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005).

---

[4] In *Dansby v. Norris*, 682 F.3d 711 (8th Cir. 2012), the Eighth Circuit considered the *Martinez* exception, in the context of a federal habeas claim arising in Arkansas, and concluded that, because an ineffective assistance of counsel claim may be raised in a motion for new trial and on direct appeal in Arkansas, *Martinez* was inapplicable. However, in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), the United States Supreme Court held that *Martinez* was applicable in Texas, where the procedural rules only "theoretically" allowed for ineffective-assistance claims to be raised on direct appeal: "where, as here, a state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, our holding in *Martinez* applies." Afterwards, the United States Supreme Court vacated the *Dansby* decision and remanded the case to the Eighth Circuit "for further consideration in light of *Trevino v. Thaler*[.]" *Dansby v. Hobbs*, 133 S. Ct. 2767 (2013).

The Eighth Circuit's reconsideration of *Dansby* is currently pending. However, in a recent capital habeas case, *Sasser v. Hobbs*, 735 F.3d 833, 852-853 (8th Cir. 2013), the Court held that the Arkansas procedural system did not "as a systematic matter" afford the petitioner "meaningful review of a claim of ineffective assistance of trial counsel" on direct appeal. Accordingly, it held that *Martinez* and *Trevino* were applicable.

[5] Petitioner also cites *Singleton v. Norris*, 319 F.3d 1018 (8th Cir. 2003), *cert. denied*, 493 U.S. 874 (1989), to argue that a "claim that had not arisen at the time of a previous petition is not barred by restrictions on second or successive petitions." *Doc. #10 at 3*. The facts presented in the *Singleton* case are distinguishable. In that case, the petitioner (who had received the death penalty) challenged an involuntary medication order. The Court held that the habeas claim was not successive because it did not arise until the petitioner was subject to an involuntary medication order and an execution date.

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Respondent's Motion to Dismiss (*doc. #9*) be GRANTED. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 21st day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE